# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-884V

| | | |
|---|---|---|
| JOYCE E. JEFFRIES and *by and through her Power of Attorney*, SHERRY JEFFRIES COMPTON, | * * * * * | Chief Special Master Corcoran |
| Petitioners, | * * | Filed: August 2, 2024 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioners.

*Ryan Pyles,* U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**[1]

On February 5, 2021, Sherry Jeffries Compton initiated this as a *pro se* matter (on behalf of vaccinee Joyce Jeffries) under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Counsel appeared in the matter on Ms. Jeffries' behalf in July 2022 (ECF No. 34).

Petitioner alleged that she had suffered Guillain-Barré syndrome ("GBS") as a result of receiving an influenza vaccine on October 18, 2017, then suffered further aggravation of her GBS

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

1

symptoms after receiving a second flu vaccine in November 2018. The claim regarding the 2017 vaccine was ruled untimely, leaving only a significant aggravation claim associated with the November 2018 vaccination. After briefing by the parties and review of the record, I issued a decision dismissing Petitioner's case on October 31, 2023. Decision Dismissing Case, filed on October 31, 2023 (ECF No. 52).

Petitioner has now filed a motion for a final award of attorney's fees and costs – the sole such fees request made in this case. Motion, dated May 10, 2024 (ECF No. 60) ("Final Fees Mot."). Petitioner requests a total of $32,003.02, reflecting $31,397.50 in fees incurred for the services of Mr. Richard Gage and colleagues, plus $605.52 in costs. Final Fees Mot. at 8. Respondent has challenged the Petition's reasonable basis. Respondent's Opposition to Application for Award of Final Attorney's Fees and Costs, dated May 22, 2024 (ECF No. 61) ("Opp."). Petitioner responded to their opposition on May 29, 2024. Reply to Respondent's Objection to Award of Attorney's Fees and Costs (ECF No. 62) ("Reply").

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$28,594.87**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Respondent argues that Petitioner's significant aggravation claim was a "conclusory afterthought" in her original Petition, only becoming the focus of the action after it was determined that any claim based on GBS occurring after an October 2017 vaccination would be time-barred. Opp. at 10. But Respondent deems the significant aggravation claim to lack objective basis. Petitioner alleged aggravation of residual GBS symptoms, but failed to distinguish between the typical monophasic presentation of GBS and GBS with a relapsing course. *Id*. at 11-12. No evidence of a relapse was found in the record, however, and none of Ms. Jeffries's treaters attributed her overall poor health to a relapse of GBS associated with the second vaccination. *Id*. at 11. Thus, the record shows nothing more than a generally-deteriorating course of health, which is not a cognizable injury under the Act. *Id*. at 12.

Petitioner in response has presented a timeline showing Ms. Jeffries suffered a "setback" in health after November 2018 (and hence in the wake of the second vaccination), during her time at Midtown Rehabilitation. Reply at 13. Had the case proceeded, she argues, an expert would have attempted to establish that this decline was due to a relapse in GBS. *Id*. at 14.

I find there was *barely* enough reasonable basis in this case to support its initiation, and hence a fee award for work performed on it by counsel. This is not to say the claim had any robust

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

likelihood of success—something I warned counsel of early on, and which later is reflected in its dismissal in the fall of 2023. *See* Order Denying Motion for Reconsideration at 2–3 (discussing case procedural history), filed on November 28, 2023 (ECF No. 57) ("Reconsideration Order"). However, I acknowledge that counsel joined this case after it had been maintained for some time as a *pro se* matter, and after his appearance he took some efforts to prosecute the claim based on the one vaccination that could be the basis for a timely claim—and which was satisfactorily proven to have occurred. Moreover, the documentation reflecting Petitioner's medical history proved both difficult to obtain and highly disorganized—and although counsel did not successfully cut through the ambiguities, he made some effort to do so, and referenced *some* evidence that dimly supported the claim. There was evidence that Ms. Jeffries's health deteriorated in the time after her second vaccination, and thus a *slightly* colorable claim with some objective support could be ascertained from this otherwise-unhelpful record.

As a result (and although, as noted below, counsel's consistent dilatory conduct after appearance is legitimate grounds for a fees reduction), *some* fees award is appropriate, since the claim had just enough reasonable basis to justify its initiation.

**II.     Calculation of Fees**

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| **Attorney** | 2022 | 2023 | 2024 |
|---|---|---|---|
| **Mr. Richard Gage** | $393.00 | $422.00 | $441.00 |
| **Ms. Kristen Blume** | -- | $422.00 | -- |
| **Paralegals** | $141.00 | $152.00 | $159.00 |

Final Fees Motion at 20–30.

Mr. Gage practices in Cheyenne, WY, and he has been found entitled to forum rates as established in *McCulloch. See Brown v. Sec'y of Health & Hum. Servs.,* No. 19-1564V, 2024 WL 3276785 (Fed. Cl. Spec. Mstr. June 7, 2024). The rates requested for Mr. Gage and his colleagues are also consistent with what has previously been awarded for their work in other cases, in accordance with the Office of Special Masters' fee schedule.[5] *Roscoe v. Sec'y of Health & Hum. Servs.*, No. 11-206V, 2024 WL 1253781 (Fed. Cl. Spec. Mstr. Feb. 28, 2024). As a result, I will apply the rates requested.

The total time spent on the matter, however, was not appropriate given the obvious lack of *sufficient* proof in its support.[6] Although the fees sum requested is not facially unreasonable, counsel's consistent dilatory conduct was an obstacle to an otherwise-deficient claim's prompt resolution. Counsel did not file even proof of the second vaccination until *over a year after* appearing in the matter, and after seeking numerous extensions, often requested at the last-minute. Reconsideration Order at 2. Then, when ordered to show cause why the claim should not be dismissed, counsel filed a thin brief referencing only four records, and promising to file more witness declarations at an unspecified later date. *Id*. at 3. No further detail about Ms. Jeffries's clinical course was provided in support of her claim. *Id*. I subsequently dismissed the claim – although it could have been resolved much more efficiently, had counsel acted with greater diligence.

Under such circumstances, I am empowered to make limited, across-the-board cuts to a fees request, since not all were "reasonably" incurred. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009). I will

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited August 1, 2024).

[6] I distinguish between *sufficient proof* overall—enough evidence to suggest a claim might be able to meet the Program's entitlement standards—from the existence of individual items of *objective* proof. The reasonable basis inquiry requires only a bare amount of objective proof to justify fees, whereas claims do not succeed unless they are *preponderantly* supported. Here, even if some objective proof existed to support the claim for purposes of finding reasonable basis, it is also self-evident that the claim itself would not likely succeed—even with expert help.

therefore reduce the fees to be awarded by **ten percent,** and award a total of **$28,257.75** in attorney's fees ($31,397.50 - $3,139.75 (10 percent of $31,397.50)).

### III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $605.52 in outstanding costs, including copying and printing costs, medical record retrieval costs, and mailing costs. Final Fees Mot. at 32–47. All are reasonable, with the exception of $268.40 requested for "copies and prints from June 2022 through May 2024." *Id.* at 32. This sum has not been substantiated with any independent bill or invoice, and appears instead to reflect the sort of office overhead cost that is not compensable in the Program (since such costs should instead be factored into an attorney's hourly rate). *See Whitener v. Sec'y of Health & Hum. Servs.*, No. 06-477V, 2011 WL 1467919, at *8 (Fed. Cl. Spec. Mstr. Mar. 25, 2011) ("[t]hese office supplies are overhead and are not compensable in the Program"), *citing Lamar v. Sec'y of Health & Hum. Servs.*, No. 99–584V, 2008 WL 3845157, at *15 (Fed. Cl. Spec. Mstr. July 30, 2008). Accordingly, Petitioner shall receive the reduced amount of $337.12.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs and award a total of **$28,594.87** reflecting $28,257.75 in attorney's fees and $337.12 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Richard Gage.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

                                              <u>s/ Brian H. Corcoran</u>
                                              Brian H. Corcoran
                                              Chief Special Master